UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VELISLAV V. MATZOV,

    Petitioner,

-vs-                                        Case No.  8:15-cv-1990-T-27MAP

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

**ORDER**

**BEFORE THE COURT** are Respondent's Limited Response to Petition for Writ of Habeas Corpus (Dkt. 6) in which Respondent moves to dismiss Petitioner's habeas petition (see Dkt. 1) as time-barred, and Petitioner's opposition (Dkt. 11).  Upon consideration, the motion to dismiss is **GRANTED**.

Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one year statute of limitations for  federal habeas petitions.  28 U.S.C. § 2244(d)(1).  *Lawrence v. Florida*, 549 U.S. 327, 331 (2007).  The limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . . ." 28 U.S.C. § 2244(d)(1)(A).  Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Petitioner's conviction was affirmed by the state appellate court on October 26, 2011 (Respondent's Ex. 9). The conviction became final 90 days later, on January 24, 2012, when the time to file a petition for writ of certiorari in the United States Supreme Court expired. *Clay v. United States*, 537 U.S. 522, 527 (2003); *Bond v. Moore*, 309 F.3d 770, 774 (11th Cir. 2002). Accordingly, unless the limitations period was tolled by a properly filed state court post-conviction application, or either equitable tolling or the actual innocence exception applies, his federal petition, filed August 26, 2015, is time-barred.

On September 12, 2012, Petitioner, through retained counsel, filed a post-conviction motion under Rule 3.850, Florida Rules of Criminal Procedure, after 231 days of the limitations period had elapsed (Respondent's Ex. 11, pp. 1-29). The final order denying the motion was entered on August 30, 2013 (Respondent's Ex. 11a, pp. 191-303). Petitioner filed a motion for rehearing on September 13, 2013 (Dkt. 11-1, p. 13, ¶ 3). The motion for rehearing was not ruled on within 40 days. Consequently, by operation of Rule 3.850(j), Fla. R. Crim. P., in effect at that time, the motion was "deemed denied" on October 9, 2013 (Dkt. 11-1, p. 27). *See In re Amendments to Fla. Rules of Criminal Procedure & Fla. Rules of Appellate Procedure*, 132 So. 3d 734, 750 (Fla. 2013) (amendments effective July 1, 2013) ("Any party may file a motion for rehearing of any order addressing a motion under this rule within 15 days of the date of service of the order. . . . A response may be filed within 10 days of service of the motion. The trial court's order disposing of the motion for rehearing shall be filed within 15 days of the response but not later than 40 days from the date of the order of which rehearing is sought. *If no order is filed within 40 days, the motion is deemed denied*.") (emphasis added).

Petitioner did not appeal the constructive denial of his motion for rehearing. Accordingly,

the limitations period commenced running on November 9, 2013, when the time to appeal expired. Another 134 days elapsed, and the limitations period therefore expired on Monday, March 24, 2014.

**I. Equitable Tolling**

The limitations period under § 2244(d) is subject to equitable tolling. *Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir. 2004). Section 2244 "permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence.'" *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) (quoting *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (per curiam)). Equitable tolling only applies, however, where the litigant satisfies his burden of establishing that he has been pursuing his rights diligently and that some extraordinary circumstance stood in his way and prevented timely filing. *Arthur v. Allen*, 452 F.3d 1234, 1252 (11th Cir. 2006) (petitioner must show both extraordinary circumstances and diligence).

Petitioner contends he is entitled to equitable tolling from October 9, 2013, the date on which his September 13, 2013, motion for rehearing was deemed denied under Florida law, through May 14, 2014, the date the circuit court issued a letter to counsel (in response to counsel's inquiry on the status of the motion for rehearing) stating that the motion for rehearing was deemed denied when no order was filed by October 9, 2013 (Dkt. 11, pp. 5-10; Dkt. 11-1, p. 27). Petitioner argues that an extraordinary circumstance arose when he "relied on the long standing Florida Rule of Criminal Procedure that permitted the filing of a motion for rehearing following the denial of a motion for post-conviction relief[, and] [t]he corresponding case law [which] provided for tolling of the federal habeas limitation period during the pendency of a motion for rehearing. . . ." (Dkt. 11, pp. 6-7). He asserts that the language in Rule 3.850 stating that "[i]f no order [on a

3

motion for rehearing] is filed within 40 days, the motion is deemed denied" became effective July 1, 2013, slightly more than two months before the September 13, 2013 motion for rehearing was filed, and that that language was deleted from Rule 3.850 in June 2015 after the Florida Supreme Court recognized that the language "created confusion and brought about problems. . . ." (Id., pp. 7-8). Petitioner's counsel avers that "the now-recognized confusion brought on by the 2013 'deemed denied' provision, coupled with [his] neglect in not filing a notice of appeal within 40 days after the rehearing motion was left undisposed of, constituted extraordinary circumstances that trigger equitable tolling." (Id., p. 9).

Counsel's lack of awareness or misunderstanding of the "deemed denied" language in the rule amounts to attorney negligence, which does not justify equitable tolling. *See Cadet v. Fla. Dep't of Corr.*, 853 F.3d 1216, 1236 (11th Cir. 2017), *cert. denied*, 138 S. Ct. 1042 (2018) (attorney negligence, even gross negligence, does not justify equitable tolling); *Coleman v. Thompson*, 501 U.S. 722, 753 (1991) ("Attorney ignorance or inadvertence is not 'cause' [for excusing a procedural default relating to a filing deadline] because the attorney is the petitioner's agent when acting, or failing to act, in furtherance of the litigation, and the petitioner must bear the risk of attorney error.") (quotation marks omitted); *Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir.2001) ("attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling"). Accordingly, Petitioner is not entitled to equitable tolling from October 9, 2013, through May 14, 2014.

Even if the AEDPA's limitations period is subject to equitable tolling through May 14, 2014, Petitioner's habeas petition is still untimely. As discussed, 231 days of the limitations period elapsed before Petitioner's Rule 3.850 was filed. The remainder of the limitations began to run on May 14,

4

2014, and expired 134 days later on September 26, 2014, well before Petitioner filed his petition on August 26, 2015.

Counsel for Petitioner contends that additional equitable tolling is warranted from May 16, 2014, the date on which he prepared a notice of appeal of the denial of Petitioner's Rule 3.850 motion, through July 28, 2015, when the appellate court issued its mandate affirming the denial of the Rule 3.850 motion (Dkt. 11, pp. 10-11).  He asserts that on May 16, 2014, the day after he received the state circuit court's letter informing him that Petitioner's motion for rehearing was "deemed denied" on October 9, 2013, he prepared a notice of appeal, which was served on the Florida Attorney General's Office via e-mail, and copies of which were provided to counsel's office manager for mailing to the clerk of the circuit court and the State Attorney's Office (Id., pp. 3-4). The office manager, however, failed to mail the notice of appeal, and counsel "failed to follow-up to ensure that the notice had gone out in the mail." (Id., p. 4).  Nearly five months later, in October 2014, counsel discovered that the notice of appeal was never mailed to the clerk of the circuit court (Id.).  He therefore filed a motion for belated appeal on October 13, 2014 (see Dkt. 11-1, pp. 1-11), which was granted on October 24, 2014 (Dkt. 11, p. 5).  The belated appeal remained pending until the appellate court issued its mandate on July 28, 2015 (Id.).  Counsel argues that the failure to file the notice of appeal on May 16, 2014, "was an extraordinary set of circumstances that should result in a further tolling of the limitation period from May 16, 2014, through the state appellate court's resolution of the belated appeal on its merits." (Id., p. 11).

Counsel's negligent failure to file the notice of appeal in May 2014 does not warrant equitable tolling. *See, e.g., McHoney v. South Carolina*, 518 F. Supp. 2d 700, 706 (D.S.C. 2007) (holding counsel's mistaken failure to file a timely notice of appeal does not justify equitable

tolling); *Hayden v. Brooks*, 2007 WL 2571508, at *4 (E.D.Pa. Aug.31, 2007) ("'Courts have concluded that an attorney's failure to file a notice of appeal does not constitute the type of extraordinary or rare circumstances making it impossible for a defendant to timely file his or her [habeas] petition.'") (quoting *United States v. Bruce*, 2002 WL 31757938, at *1 (D.Del. Nov. 26, 2002)). The AEDPA's limitations period therefore expired no later than September 26, 2014.[1] Accordingly, Petitioner's petition is untimely.

## II. *Jiminez v. Quarterman*

Petitioner argues that his petition is timely under *Jiminez v. Quarterman*, 555 U.S. 113 (2009) (Dkt. 11, pp. 12-15). *Jiminez* held that if a state court grants a criminal defendant the right to file an out-of-time *direct appeal*, the date of finality for purposes of the AEDPA's limitations period runs from the date that the out-of-time appeal is concluded, not the date the conviction originally became final. *Jiminez*, 555 U.S. at 119. But this principal has not been applied to belated appeals in collateral attacks. *See, e.g., Hopkins v. Young*, 2010 WL 678127, at *4 (E.D. Va. Feb. 23, 2010) ("*Jiminez* applies to grants of delayed direct appeals only, and not to collateral proceedings. . . ."). *See also, Moore v. Crosby*, 321 F.3d 1377, 1380 (11th Cir.2003) (holding that "that an out-of-time appeal does not revive the time during which no state collateral petition was pending."). Accordingly, Petitioner's petition is not timely under *Jiminez*.

## III. Actual Innocence

Petitioner contends he is entitled to a review on the merits of his claims under the "actual

---

[1]Because Petitioner's belated appeal was filed after the AEDPA's limitations period expired, it did not toll the limitations period. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir.2000) ("A state-court petition. . .that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.").

innocence" exception to AEDPA's limitations period (see Dkt. 11, pp. 15-20). "[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar. . .or, as in this case, expiration of the statute of limitations." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). The gateway opens "only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.' " *Id*., 569 U.S. at 401 (quoting *Schlup v. Delo* 513 U.S. 298, 316 (1995)). A showing of actual innocence "requires the petitioner to produce new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Melson v. Allen*, 548 F.3d 993, 1002 (11th Cir.2008) (quotation omitted). "[T]o show actual innocence one must show by clear and convincing evidence that but for a constitutional error, no reasonable juror would have found the petitioner [guilty]." *Sawyer v. Whitley*, 505 U.S. 333, 336 (1992).

Petitioner's "new evidence" are police reports that were not disclosed before trial that "show that law enforcement recovered large quantities of unfired .22 caliber ammunition at Mr. Matzov's residence." (Dkt. 11, pp. 16-17). Petitioner contends that had he "been privy to that evidence," "he could have matched the .22 cartridges that were seized [from his house] with the fired casings that were recovered from the .22 revolver that Mr. Matzov allegedly carried during the events at issue." (Dkt. 11, p. 17). He asserts that "the matching of the unfired cartridges to the spent casings would have established the size of the projectiles that would have been loaded in the revolver and would have also shown whether those projectiles had been .22 long or .22 long rifle caliber." (Id.). He argues that "the size of the projectile that the [sic] struck the victim of the attempted murder became a disputed material issue, with the difference between .22 long and

.22 long rifle projectiles playing a central role in that dispute." (Id.).

Petitioner has not presented any evidence that qualifies as "new evidence" supporting the actual innocence exception to the limitations period. Although he did not receive the police reports before trial which indicated that large amounts of .22 caliber cartridges were recovered from his house, the reports do not constitute sufficiently reliable *new* evidence of actual innocence, since at the time of his trial Petitioner necessarily knew that he had the .22 caliber cartridges in his house and could have presented evidence of those cartridges at trial. *See, e.g., Hay v. Sec'y, Dep't of Corr.*, 2017 U.S. Dist. LEXIS 123851, at* 13 (M.D. Fla. Aug. 4, 2017) ("Pursuant to *Schlup* and its progeny, Petitioner is required to offer new reliable evidence that was not available at the time of his trial."); *United States v. Starr*, 275 Fed. App'x 788, 790 (10th Cir. 2008) ("Starr's claim is not based on 'new' evidence, but rather on evidence that could have been presented at trial."); *Goldblum v. Klem*, 510 F.3d 204, 226 n.14 (3d Cir. 2007) ("Evidence is not 'new' if it was available at trial, but a petitioner merely chose not to present it to the jury."); *Osborne v. Purkett*, 411 F.3d 911, 920 (8th Cir. 2005) ("Evidence is only new if it was not available at trial and could not have been discovered earlier through the exercise of due diligence." (internal quotation marks and citation omitted)); *but see*, *Rivas v. Fischer*, 687 F.3d 514, 543 (2d Cir. 2012) ("[N]ew evidence" is "evidence not heard by the jury."); *Gomez v. Jaimet*, 350 F.3d 673, 679 (7th Cir. 2003) ("All *Schlup* requires is that the new evidence is reliable and that it was not presented at trial.").

Even if the police reports constitute "new" evidence, the reports do not constitute compelling evidence that, if presented to the jury, make it "more likely than not any reasonable juror would have reasonable doubt" about Petitioner's guilt. *See Schlup*, 513 U.S. at 327. According to Petitioner, the reports reveal nothing more than large amounts of .22 caliber cartridges were recovered from his

8

house. He has not produced any evidence showing that the .22 caliber cartridges recovered from his house were inconsistent with the type of cartridges in the revolver that was recovered from the crime scene and the projectile that struck the officer. Accordingly, his claim of actual innocence is based on speculation, which does not constitute new reliable evidence of actual innocence. *See, e.g. O'Boyle v. Ortiz*, 242 Fed. Appx. 529, 531 (10th Cir. July 23, 2007) (unpublished) (rejecting petitioner's theory of actual innocence because his "'new' evidence" actually involved "speculation about what *might* be shown *if* certain tests [had been] performed on physical evidence" and such "speculation [was] insufficient to meet the heavy burden to produce 'new evidence'" demonstrating that it is "'more likely than not that nor reasonable juror would have convicted him.'") (quoting *Schlup*, 513 U.S. at 324, 327) (emphasis in original)).

      Finally, even if Petitioner's "new evidence" demonstrates that the .22 caliber cartridges recovered from his house were inconsistent with the cartridges that were in the gun, that does not demonstrate that it is more likely than not that no reasonable juror would find him guilty beyond a reasonable doubt. There was substantial evidence of guilt supporting the jury's verdict. For example, Detective Peterson testified that he never broke eye contact with the only suspect (of two) that was shooting at him, he shot and wounded that suspect, and the other suspect never stopped running when he exited the store, and never made any movements indicating that he was shooting a gun (Respondent's Ex. 11a - transcript pp. 317-23). The wounded suspect fell to the ground after being shot, was apprehended at the scene, and later identified as Petitioner (Id., pp. 177-78, 320-21). A revolver was recovered next to where he was lying (Id., pp. 177-80, 382), and there were five spent shell casings inside that gun (Id., pp. 801, 954-55). Finally, the second suspect was apprehended running from the scene, and had a semi-automatic 9MM handgun. No shell casings

from that gun were recovered from the scene (Id., pp. 176-77, 253, 408-10, 879, 950, 963-64).

In sum, Petitioner has failed to satisfy his burden of showing either circumstances that would justify the application of equitable tolling in this case, or that he is actually innocent of the crimes for which he was convicted. Accordingly, his petition for writ of habeas corpus (Dkt. 1) is **DISMISSED** as time barred. The **Clerk** shall enter judgment against Petitioner, and close this case.

**Certificate of Appealability and Leave to Proceed on Appeal In Forma Pauperis Denied**

A certificate of appealability will issue only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Generally, it must be demonstrated that reasonable jurists would find the assessment of the constitutional claims debatable or wrong. *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quotation omitted), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Where, as here, claims have been rejected on procedural grounds, it must be shown that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*; *Webster v. Moore*, 199 F.3d 1256, 1257 n. 2 (11th Cir. 2000) (dismissal of habeas petition as time-barred is procedural). Petitioner cannot make that showing, and is therefore not entitled to a certificate of appealability or to appeal *in forma pauperis*.

**DONE and ORDERED** on July 3rd, 2018.

*/s/ James D. Whittemore*
**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Counsel of Record